UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TIMOTHY JONES,

    Plaintiff,

v.                                              CAUSE NO. 3:25-CV-695 DRL-SJF

FSSA/MEDICAID *et al.*,

    Defendants.

OPINION AND ORDER

Timothy Jones filed a *pro se* complaint [1] and a motion to proceed *in forma pauperis* [2]. His standard *in forma pauperis* form details he has no income or assets. That said, Mr. Jones's complaint doesn't meet federal pleading standards. *See* 28 U.S.C. § 1915(a)(1).

The court construes Mr. Jones's *pro se* pleading liberally and takes all well-pleaded allegations as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Still, though *pro se* litigants are not held to the same standards as attorneys, *Kyle v. Patterson*, 196 F.3d 695, 697 (7th Cir. 1999), they are not exempt from the rules of civil procedure, *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994). Mr. Jones's complaint does not comply with the Federal Rules of Civil Procedure.

The court must determine whether his complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2)(B). Though the court must construe his complaint liberally, *see Erickson*, 551 U.S. at 94, it has "ample authority to dismiss frivolous or transparently defective suits spontaneously," *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). The court will not grant the *in forma pauperis* motion if the complaint fails to state a claim upon which relief may be granted.

*See* 28 U.S.C. § 1915(e)(2). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must contain enough factual matter, accepted as true, to state a plausible claim, not a speculative one. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Mr. Jones's complaint does not.

Though his complaint proves hard to follow, it appears Mr. Jones alleges he was refused services, including SNAP benefits, by the Family and Social Services Administration (FSSA), discriminated against by the South Bend Housing Authority (SBHA) (perhaps due to his criminal history), and harassed and misled by unknown public and government workers. He asks the court to reinstate his Medicare and SNAP benefits, to call the SBHA to accept him off a waitlist or provide him housing, and to award him compensation for hospital stays, mental pain, and homeless nights.

The court has an independent obligation to ensure its subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Smith v. Am. Gen. Life & Accident Ins. Co.*, 337 F.3d 888, 892 (7th Cir. 2003). Federal district courts have original jurisdiction over federal question cases—that is, "civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331—and diversity jurisdiction over lawsuits brought by citizens of different states when the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. Federal Rule of Civil Procedure 8 "requires a short and plain statement of the jurisdictional basis, which, however must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *McCready v. eBay, Inc.*, 453 F.3d 882, 890-91 (7th Cir. 2006) (quotations and citation omitted).

2

Mr. Jones alleges he was denied services and benefits by FSSA and discriminated against by the SBHA, but he doesn't provide sufficient information for either the court or any defendant to understand why he might be entitled to relief on any potential discrimination claim, much less how that gives the court jurisdiction. Whether his claims are within this court's purview—perhaps under Title VI of the Civil Rights Act of 1964, the Fair Housing Act, or another federal law forbidding unlawful discrimination—is unclear at this time.

Mr. Jones also alleges he was "misled by government workers" and subjected to "harassment by public workers." As stated, these aren't cognizable claims. Mr. Jones provides no detail on who allegedly misled or harassed him, what happened, how he suffered harm, or any specific information for the court to decipher what kind of claims he is trying to bring or why this federal court would have jurisdiction over the events.

Given that he is proceeding *pro se*, the court will give Mr. Jones an opportunity to file an amended complaint. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). He must establish that his case falls within the limited jurisdiction of this court and provide as many facts as to what has transpired, such as: the harm, who caused the harm, how they caused the harm, when they caused the harm, and the like. There must be sufficient facts pleaded to allow the court and the defendants to understand there are plausible claims. The court will permit Mr. Jones to file an amended complaint and recommends that he use the court's form available on its website.

Accordingly, the court DENIES Mr. Jones's motion to proceed *in forma pauperis* without prejudice [2], AFFORDS him leave to amend his complaint to become compliant with the federal rules and refile a motion to proceed *in forma pauperis* by September 8, 2025, and CAUTIONS him that failure to comply with this deadline, plead federal jurisdiction, pay the filing fee or file for *in*

3

*forma pauperis* status, or file a rule-compliant complaint will result in the dismissal of his case without further notice because his current complaint doesn't state a claim.

SO ORDERED.

August 18, 2025 　　　　　　　　　　　　　　　*s/ Damon R. Leichty*
　　　　　　　　　　　　　　　　　　　　　　Judge, United States District Court